QUESTION: May funds from the environmentally endangered lands bond issue under Ch. 259, F.S., be expended for acquisition of improvements, either fixed or movable, on lands in cases where such improvements have a separable and identifiable value and where they do not contribute to the "conservation and protection of environmentally unique and irreplaceable lands as valued ecological resources of this state" under s. 259.03(1)?
SUMMARY: Funds derived from bonds issued for environmentally endangered lands pursuant to Ch. 259, F.S., may not be expended to acquire movable improvements on such lands if the improvements have a separable and identifiable value and do not contribute to the conservation and protection of the lands. Nonmovable fixed improvements, however, may be purchased with environmentally endangered lands bond money if purchase is necessary to acquire, conserve, protect, repair, or restore the environmentally endangered lands. Section 259.06, F.S., expressly mandates that the provisions set forth in the Land Conservation Act of 1972 "shall be liberally construed in a manner to accomplish the purposes thereof." The purpose of the act is "to finance the cost of state capital projects in the form of environmentally endangered lands or outdoor recreation lands" (title of Committee Substitute for House Bill No. 4228, now Ch. 72-300, Laws of Florida). In November, 1972, the electorate of this state approved issuance of state bonds up to, but not to exceed, two hundred million dollars for the financing of projects for environmentally endangered lands. Since there is a finite amount of money available and an infinite amount of possible projects, the selection of the projects must be made with the strictest adherence to the purpose of the act for which it was provided. Chapter 72-300, supra, provides: "State capital projects for environmentally endangered lands" means a state capital project, as required by subsection 11(a) of Article VII of the state constitution, which shall have as its purpose the conservation and protection of environmentally unique and irreplaceable lands as valued ecological resources of this state, including, without limitation: (a) Those areas of ecological significance whose development by private or public works would cause the deterioration of submerged lands, inland or coastal waters, marshes, or wilderness areas essential to the environmental integrity of the area, or of adjacent areas; or (b) Those areas which, in the judgment of the game and fresh water fish commission, department of natural resources, or department of pollution control, the
development of which would require a remedial public works project to limit or correct environmental damage; or (c) Any beaches or beach areas within the state which have been eroded or destroyed by natural forces or which are threatened, or potentially threatened, by erosion or destruction by natural forces. It is my opinion, therefore, that funds from the two hundred million dollar bond issue may not be expended to acquire movable improvements on environmentally unique lands, if such improvements have a separable and identifiable value and do not contribute to the conservation and protection of those lands. The lands upon which such movable improvements are located of course may be purchased with the Ch. 259, F.S., funds if all other criteria are met. It is also my opinion that fixed improvements, not of a severable nature, may be purchased out of bond issue funds as part of the lands that are to be protected where such purchase is the only alternative available to acquire, conserve, protect, repair, or restore lands essentially and ecologically significant to the state. Whatever monetary benefits salvage or resale may bring in for the removal of such improvements should be used to replenish the bond issue funds if not to reduce the price of purchase.